# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

THURMAN DEE PAYNE,

                Plaintiff,

    v.

SCHULTZ, et. al.,

                Defendants.

_____/

CV F 04 6383 OWW SMS P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.)

ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM FOR FEDERAL PRISONERS

Thurman Dee Payne ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed the instant action on September 27, 2004, in the U.S. District Court for the Northern District of California. The action was subsequently transferred to this Court and received on October 8, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

3         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6    467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7    Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8    complaint under this standard, the court must accept as true the allegations of the complaint in

9    question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12   **B. SUMMARY OF COMPLAINT**

13        Plaintiff alleges that on August 18, 2004, Correctional Officer Conger left his legal

14   documents in a "total mess" after conducting a cell search.  When Plaintiff approached

15   Defendant Spencer to report the misconduct, Defendant spoke to him in abusive language.

16   Defendant Galcia witnesses the abusive behavior by Defendant Spencer and "allowed"

17   Defendant to place Plaintiff in the SHU without cause and failed to respond to the "emergency

18   situation."   Defendant Milligan prevented Plaintiff from exhausting his remedies by providing

19   him with the appropriate number of forms.  Defendant Warden Schultz failed to investigate

20   Defendants actions.

21   **C.  CLAIMS FOR RELIEF**

22        ***1. Linkage Requirement***

23        The Civil Rights Act under which this action was filed provides:

24             Every person who, under color of [state law] . . . subjects, or causes

25             to be subjected, any citizen of the United States . . . to the

26             deprivation of any rights, privileges, or immunities secured by the

27             Constitution . . . shall be liable to the party injured in an action at

28             law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2.  Abusive Language

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Accordingly, Plaintiff's allegations against Defendant Spencer must be dismissed as the actions do not constitute a constitutional violation cognizable in this action.

### 3.  Placement in Secured Housing Unit

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation.  See Hewitt, 459 U.S. at 466-68.  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary

1    incidents of prison life." <u>Id</u>. at 484.

2         In order to be entitled under federal law to any procedural due process protections,

3    Plaintiff must first have a liberty interest at stake.  Plaintiff has not alleged any facts that support

4    the existence of a liberty interest in remaining free from the SHU.  <u>Id</u>.; <u>see</u> also <u>May v. Baldwin</u>,

5    109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no

6    liberty interest in freedom from government action taken within sentence imposed and

7    administrative segregation falls within the terms of confinement ordinarily contemplated by a

8    sentence) (quotations omitted); <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's

9    placement and retention in the SHU was within range of confinement normally expected by

10   inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected

11   liberty interest in being free from confinement in the SHU) (*quotations omitted*).  As the

12   allegations do not support the existence of a liberty interest in remaining free from the SHU,

13   Plaintiff fails to state a claim for relief under section 1983 for deprivation of procedural due

14   process stemming from his placement in the SHU term.  Accordingly, Plaintiff fails to state a

15   claim for relief against Defendant Galcia.

16        ***4.  Interference with Exhaustion - Access to Courts***

17        There is no constitutional right to an inmate appeals process.  The Ninth Circuit has held

18   that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance

19   procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir.2003), *citing* <u>Mann v. Adams</u>, 855

20   F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly

21   implement, an administrative appeals process within the prison system does not raise

22   constitutional concerns. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988). <u>See</u> also,  <u>Buckley</u>

23   <u>v. Barlow</u>, 997 F.2d 494, 495 (8th Cir.1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir.1991); <u>Azeez</u>

24   <u>v. DeRobertis</u>, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural

25   right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise

26   to a protected liberty interest requiring the procedural protections envisioned by the fourteenth

27   amendment").  A failure to process a grievance does not state a constitutional violation. <u>Buckley</u>,

28   <u>supra</u>. Regulations give rise to a liberty interest protected by the Due Process Clause of the

4

1   federal constitution only if those regulations pertain to "freedom from restraint" that "imposes

2   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

3   life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

4       In this case, Plaintiff complains that Defendant Milligan prevented Plaintiff from

5   exhausting his administrative remedies by refusing to provide the proper amount of grievance

6   forms.  Plaintiff's allegations, however, are not sufficient to give rise to a liberty interest.  Put

7   another way, Plaintiff has no constitutional right to a particular number of grievance forms and

8   such allegation does not state a claim for relief under Section 1983.

9       To the extent Plaintiff is alleging that the lack of enough prison forms denied him access

10  to the Courts, his claim also fails.

11      The right of access to the courts is simply the "right to bring to court a grievance," and is

12  limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging

13  conditions of confinement.  Lewis v. Casey, 518 U.S. 343, 354-55 (1996).  A prisoner alleging a

14  violation of his right of access to the courts must demonstrate that he has suffered "actual injury."

15  Lewis, 518 U.S. at 349-50.  The actual-injury requirement mandates that an inmate "demonstrate

16  that a nonfrivolous legal claim had been frustrated or was being impeded."  Id. at 353.   Plaintiff

17  presents no facts rising to the level of a constitutional violation under Section 1983 for denial of

18  access to the courts.

19      ***5. Supervisory Liability***

20      Supervisory personnel are generally not liable under Section 1983 for the actions of their

21  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

22  supervisorial position, the causal link between him and the claimed constitutional violation must

23  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

24  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim

25  for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege

26  some facts that would support a claim that supervisory Defendants either: personally participated

27  in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

28  prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

1  repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

2  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List,

3  880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts

4  must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County

5  Narcotics Unit, 507 U.S. 163, 168 (1993).

6       Plaintiff has not alleged any facts indicating that Defendant Shultz personally participated

7  in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

8  prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

9  repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

10  Hansen v. Black at 646.  Accordingly, the Court finds Plaintiff fails to state a cognizable claim

11  for relief under Section 1983 for supervisory liability against Defendant Schultz.

12  **D. CONCLUSION**

13       The Court finds that Plaintiff's complaint does not contain any claims upon which relief

14  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

15  time to file a first Amended Complaint curing the deficiencies identified above should he wish to

16  do so.

17       Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

18  resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

19  1980).  The Amended Complaint must specifically state how each Defendant is involved.

20  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

21  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,

22  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v. Duffy, 588

23  F.2d 740, 743 (9th Cir.  1978).

24       Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

25  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

26  Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.

27  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

28  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

claim and the involvement of each defendant must be sufficiently alleged.  The Amended

Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

   The Court HEREBY ORDERS:

1.    The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

      complaint form for federal prisoners;

2.    The Amended Complaint is DISMISSED with leave to amend.  WITHIN

      THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

      a.    File an Amended Complaint curing the deficiencies identified by the Court

            in this Order, or

      b.    Notify the Court in writing that he does not wish to file an Amended

            Complaint and pursue the action but instead wishes to voluntary dismiss

            the case.

   Plaintiff is forewarned that his failure to comply with this Order may result in a

Recommendation that the action be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    March 8, 2006**                    _____/s/ Sandra M. Snyder_____
icido3                                         UNITED STATES MAGISTRATE JUDGE